

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-26-2007

# USA v. Wyckoff

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3931

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Wyckoff" (2007). *2007 Decisions.* Paper 196.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/196

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

Nos. 06-3931/07-2372

———————

UNITED STATES OF AMERICA

v.

WESLEY WYCKOFF,

Appellant in case 06-3931

UNITED STATES OF AMERICA

v.

ANDREW J. PIERRE; a/k/a CARL CARTER
a/k/a ANDREW PETERSON;  a/k/a HANDY PIERRE

Appellant in case 07-2372

———————————

On Appeal from the United States District Court
for the District of New Jersey
(D. C. Nos. 06-cr-00264-1 and 06-cr-00407)
District Judge:  Hon. Stanley R. Chesler and Hon. Garrett E. Brown, Jr., Chief Judge

———————————

Submitted under Third Circuit LAR 34.1(a)
on September 24, 2007

Before:  AMBRO, JORDAN and ROTH, <u>Circuit Judges</u>

(Opinion filed: November 26, 2007)

———————

**ROTH,** <u>Circuit Judge</u>:

Wesley Wykoff and Andrew Pierre appeal from the judgments of sentence, imposed by the United States District Court for the District of New Jersey. Wykoff and Pierre claim that the District Court abused its discretion by imposing custodial sentences that run consecutively to their undischarged state terms of imprisonment without adequately considering the factors in 18 U.S.C. § 3553. Because these two cases present identical issues, they were consolidated for purposes of disposition. For the reasons stated below, we will affirm the judgments of the District Court.

## I. **BACKGROUND**

As the facts are well known to the parties, we give only a brief description of the issues and procedural posture of the cases.

### A. **Wykoff**

While Wycoff was serving a twelve-year New Jersey state sentence for armed robbery, a one-count information was issued on April 4, 2006, charging him with conspiracy to falsely make, forge, and counterfeit approximately $10,000 in Federal Reserve Notes contrary to 18 U.S.C. § 471, in violation of 18 U.S.C. § 371. Wykoff agreed to plead guilty to the information, and the plea agreement provided:

Wesely Wykoff knows that he has, and voluntarily waives, the right to file any

appeal, any collateral attack, or any other writ or motion, including but not

limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within the Guidelines range that results from the agreed total Guidelines offense level of 13.

After a colloquy with Wykoff, the District Court concluded that his decision to plead guilty was knowing, intelligent, and voluntary, and accepted his plea. The District Court sentenced Wykoff to 33 months' imprisonment[1] to run consecutively to his undischarged term of imprisonment imposed by the State of New Jersey. Wykoff appealed.

## B. Pierre

While Pierre was serving a seven-year New Jersey state sentence for drug trafficking offenses, a one-count indictment was issued on May 25, 2006, charging him with illegal reentry after removal for an aggravated felony conviction, in violation of 8 U.S.C. § 1326(a) and (b)(2). Pierre agreed to plead guilty to the indictment, and the plea agreement provided:

Andrew J. Pierre knows that he has and . . . voluntarily waives... the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 21.

---

[1]Based on his Criminal History Category of VI, Wykoff's total Guidelines offense level of 13 resulted in a Guidelines range of 33 to 41 months.

After a colloquy with Pierre, the District Court concluded that his decision to plead guilty was knowing, intelligent, and voluntary, and accepted his plea. The District Court sentenced Pierre to 82 months' imprisonment[2] to run consecutively to his undischarged term of imprisonment imposed by the State of New Jersey. Pierre appealed.

## II. JURISDICTION & STANDARD OF REVIEW

The District Court had subject matter jurisdiction under 18 U.S.C. § 3231. We have jurisdiction to review a judgment of sentence under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). See 18 U.S.C. §§ 3557, 3551.

We review a district court's decision to impose a concurrent or consecutive sentence for abuse of discretion. *United States v. Spiers*, 82 F.3d 1274, 1277 (3d Cir. 1996). Although we retain subject matter jurisdiction over an appeal by a defendant who had signed an appellate waiver, "we will not exercise that jurisdiction to review the merits of [such] appeal if we conclude that [the defendant] knowingly and voluntarily waived [his] right to appeal unless the result would work a miscarriage of justice." *United States v. Gwinnett*, 483 F.3d 200, 203 (3d Cir. 2007).


## III. DISCUSSION

Wykoff and Pierre concede that their appeal waivers in the plea agreements are valid and that such waivers preclude them from filing any appeal challenging the sentence imposed

---

[2] Based on his Criminal History Category of VI, Pierre's total Guidelines offense level of 21 resulted in a Guideline Range of 77 to 96 months' imprisonment.

so long as the sentence falls within or below the Guidelines range that results from the agreed upon total Guidelines offense level. *See United States v. Khattak*, 273 F.3d 557, 562 (3d Cir. 2001) (explaining that "waivers of appeal, if entered into knowingly and voluntarily, are valid"). Neither Wykoff nor Pierre claims that his sentence is inconsistent with his agreed upon total Guidelines offense level. They assert nevertheless that those waivers are not applicable to an appeal challenging the District Court's imposition of a consecutive, rather than concurrent, sentence. We do not agree.

There is nothing in the record indicating that Wykoff and Pierre retained the right to appeal the consecutive sentencing question to the exclusion of all others. In fact, the record shows that Wykoff and Pierre anticipated the possibility that a consecutive sentence would be imposed because each argued that the District Court should exercise its discretion to impose a concurrent, rather than consecutive, sentence. The fact that a consecutive sentence within the Guidelines, rather than a concurrent sentence, was imposed does not take the sentence outside the area agreed upon in the appeal waiver.

The law is clear that "by waiving the right to appeal, a defendant necessarily waives the opportunity to challenge the sentence imposed, regardless of its merits." *Khattak*, 273 F.3d at 561. Because Wykoff and Pierre do not claim, nor do we conclude, that the waivers are invalid or that they result in a miscarriage of justice, we do not reach the merits of their claims. *See Gwinnett*, 483 F.3d at 203, 206; *see also Khattak*, 273 F.3d at 562.

## IV. **CONCLUSION**

For reasons stated above, we will **affirm** the judgments of the District Court.

5